United States District Court
Southern District of Texas
**ENTERED**
August 18, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD M. SCRUSHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-2309 |
| | § | |
| WADE TUCKER and ENCOMPASS HEALTH CORP., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

While chairman and CEO of HealthSouth Corporation, now called Encompass Health Corporation, Richard Scrushy was involved in extensive fraud. HealthSouth's shareholders sued Scrushy in Alabama state court, which entered a $2.8 billion judgment against him. After Scrushy relocated to Texas, Encompass Health and others filed garnishment actions in Alabama state court against Scrushy and individuals and entities in Texas associated with him. Scrushy now sues Encompass Health and Wade Tucker in Texas state court, seeking a declaratory judgment that the garnishment actions must be brought in Texas. Encompass Health removed and moved to dismiss, Scrushy moved to remand, and Encompass Health responded. (Docket Entry Nos. 1, 1-2, 3, 5, 9).

Based on the motions, the response, the pleadings, the record, and the applicable law, the court denies Scrushy's remand motion, (Docket Entry No. 3), grants Encompass Health's motion to dismiss, (Docket Entry No. 5), and dismisses this case by separate order. The reasons are explained below.

I.    **Background**[1]

Scrushy is the founder, former chairman, and former CEO of HealthSouth, now called Encompass Health Corporation. *Scrushy v. Tucker*, 70 So. 3d 289, 293 (Ala. 2011). "In March 2003, federal authorities learned that, beginning at least as early as 1994, HealthSouth corporate officers had engaged in a fraudulent accounting scheme of massive proportion." *Id.* at 294 (quotation marks omitted). HealthSouth's shareholders sued Scrushy in the Circuit Court of Jefferson County, Alabama, and, in 2009, that court entered a $2.8 billion judgment against him. *Id.* at 297–98. In 2011, the Alabama Supreme Court affirmed the judgment. *Id.* at 314.

In 2012, Scrushy sued Tucker in the Southern District of Texas, seeking an injunction against the collection of the judgment against him. (Docket Entry No. 1, *Scrushy v. Tucker*, No. 4:12-cv-879 (S.D. Tex.)). The court dismissed that case for want of prosecution. (Docket Entry No. 7, *Scrushy*, No. 4:12-cv-879 (S.D. Tex.)).

In July 2021, Scrushy sued Tucker and Encompass Health in the County Court at Law No. 2 in Montgomery County, Texas. (Docket Entry No. 1-2). Scrushy alleges that Tucker and Encompass Health "recently began attempting to garnish wages that [he] earns in Texas through legal actions in Alabama." (*Id.* at 3). He seeks a declaratory judgment that "Texas law requires garnishment actions against Texas residents, like [him], be brought in Texas in the county of residence of the proposed garnishee." (*Id.* at 3–4). Encompass Health removed and Scrushy

---

[1] The facts presented come from the complaint, documents attached to the motion to dismiss, and public records. *IberiaBank Corp. v. Illinois Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020) (In considering a Rule 12(b)(6) motion, the court may consider documents attached to the motion if "they are referred to in the plaintiff's complaint and are central to [his or] her claim." (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000))); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a [Rule] 12(b)(6) motion to take judicial notice of matters of public record"); *Stiel v. Heritage Numismatic Auctions, Inc.*, No. 3:17-CV-02086-M, 2019 WL 12095440, at *1 (N.D. Tex. Jan. 23, 2019), *aff'd*, 816 F. App'x 888 (5th Cir. 2020) ("The Court may take judicial notice of the filings in the state court action at the motion to dismiss stage because they appear in a public record.").

moved to remand. (Docket Entry Nos. 1, 3, 4). Encompass Health responded and moved to dismiss Scrushy's complaint under Rule 12(b)(6). (Docket Entry Nos. 5, 9). Scrushy did not respond.

II.     **The Legal Standards**

    A.     **Removal and Remand**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "[T]he party who sought removal has the burden of proving removal was proper." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citation omitted). In determining whether the court has subject-matter jurisdiction, the court considers the "jurisdictional facts . . . at the time of removal," meaning that "post-removal events" do not affect the analysis. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) (citing *Group Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569–70 (2004)). "[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (brackets altered) (quoting *Manguno*, 276 F.3d at 723).

    B.     **A Motion to Dismiss under Rule 12(b)(6)**

Under Rule 12(b)(6), a federal court dismisses a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). In reviewing a Rule 12(b)(6) motion, the court does not accept the plaintiff's legal conclusions,

but it "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014).

"To survive dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 503 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556); *see also Thompson*, 764 F.3d at 503 (when evaluating plausibility, the court does not "evaluate the plaintiff's likelihood of success" (internal quotation marks omitted)).

In considering a Rule 12(b)(6) motion, the court may consider documents attached to the motion if "they are referred to in the plaintiff's complaint and are central to [his or] her claim." *IberiaBank Corp. v. Illinois Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). The court can also take judicial notice of pleadings filed in state or federal courts. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a [Rule] 12(b)(6) motion to take judicial notice of matters of public record"); *Stiel v. Heritage Numismatic Auctions, Inc.*, No. 3:17-CV-02086-M, 2019 WL 12095440, at *1 (N.D. Tex. Jan. 23, 2019), *aff'd*, 816 F. App'x 888 (5th Cir. 2020) ("The Court may take judicial notice of the filings in the state court action at the motion to dismiss stage because they appear in a public record.").

When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Amendment is futile if an amended complaint would still fail to state a claim. *See Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 438 (5th Cir. 2019); *Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 211 n.1 (5th Cir. 2019).

### III.   Analysis

#### A.   The Remand Motion

Encompass Health removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), which grants subject-matter jurisdiction to federal courts over cases between citizens of different states if the "matter in controversy" is greater than $75,000. *Id.* Scrushy argues that Encompass Health has failed to show that the parties are diverse or that the amount in controversy is more than $75,000. Neither argument is persuasive.

First, the parties are diverse. The state-court petition alleges that Scrushy resides in Texas and Tucker resides in Alabama. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (an individual's state of domicile is also his or her state of citizenship for purposes of diversity jurisdiction). The petition alleges that Encompass Health is a Delaware corporation. A corporation is a citizen of the state in which it was incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Encompass Health has its principal place of business in Alabama. (Docket Entry No. 9-1 at ¶ 5); *see Cronin v. State Farm Lloyds,* No. H-08-1983, 2008 WL 4649653, at *1 (S.D. Tex. Oct. 10, 2008) ("If the requirements for federal jurisdiction are not apparent on the face of the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to

establish that jurisdiction existed at the time of removal" (citing *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003))).  Encompass Health is a citizen of Delaware and Alabama.  The parties are diverse.

Second, the amount in controversy exceeds $75,000.  Because the state-court petition seeks nonmonetary relief, Encompass Health must establish, "by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.  28 U.S.C. § 1446(c)(2).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation[,] . . . the value of the right to be protected[,] or the extent of the injury to be prevented."  *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam) (quotation marks and internal citation omitted).

Scrushy seeks a declaratory judgment that garnishment actions related to the judgment against him must be brought in Texas.  The declaration that he seeks would effectively enjoin the garnishment actions currently pending in the Alabama state court.  Those garnishment actions seek amounts well above $75,000, making Scrushy's requested relief worth more than $75,000.

The court has subject-matter jurisdiction under 28 U.S.C. § 1332, and Scrushy's remand motion, (Docket Entry No. 3), is denied.

    **B.**    **The Rule 12(b)(6) Motion**

Encompass Health argues that Scrushy's petition does not allege facts sufficient to state a declaratory judgment claim and that the Anti-Injunction Act, 28 U.S.C. § 2283, bars the claim.  The court addresses each argument in turn.

    **1.**    **The Factual Allegations**

The petition asserts a claim for a declaratory judgment that "Texas law requires garnishment actions against Texas residents, like [Scrushy], be brought in Texas in the county of

residence of the proposed garnishee." (Docket Entry No. 1-2 at 2–3). Scrushy cites no legal authority for his assertion. Encompass Health argues that there is no authority and that the Alabama state court may garnish individuals and entities in Texas. The court agrees.

The Alabama state court that entered the judgment against Scrushy has continuing jurisdiction over both Scrushy and the judgment. (Docket Entry No. 5-2 at 2–3 (the Alabama court "finds and concludes: . . . that [it] continues to have personal jurisdiction over Scrushy to enforce [the] Final Judgment notwithstanding his relocation to Texas")); *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (per curiam) ("U.S. courts must give . . . full faith and credit to prior state court judgments." (citing 28 U.S.C. § 1738)); *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 88 (1992) ("Jurisdiction over the person survives a change in circumstances, as does jurisdiction over the subject matter." (internal citations omitted)). Scrushy does not dispute that conclusion.

Although Texas law "generally prohibits wage garnishment of a Texas resident's wages, . . . Texas courts recognize an exception allowing a Texas resident's wages to be garnished pursuant to a foreign court's order." *Salihu v. Mary Jane M. Elliott, PC*, No. 16-CV-1094, 2017 WL 8182747, at *4 (W.D. Tex. Apr. 17, 2017) (citing *Knighton v. Int'l Business Machines Corp.*, 856 S.W.2d 206, 209–10 (Tex. App.—Houston [1st Dist.] 1993, writ denied), and *Texaco, Inc. v. LeFevre*, 610 S.W.2d 173, 176 (Tex. App.—Houston [1st Dist.] 1980, no writ)), *report and recommendation adopted in part*, No. 1:16-CV-1094, 2017 WL 8182828 (W.D. Tex. Sept. 27, 2017). "This exception stems from the general requirement to extend full faith and credit to another state's judgment." *Id.* (citation omitted). Encompass Health and others may pursue garnishment actions in the Alabama state court without violating Texas law. Scrushy has not alleged facts sufficient to show that he could be entitled to the declaratory judgment that he seeks.

### 2. The Anti-Injunction Act

Encompass Health also argues that the petition must be dismissed because the Anti-Injunction Act, 28 U.S.C. § 2283, bars Scrushy's declaratory judgment claim. The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. A federal district court cannot enjoin state-court proceedings unless the injunction "fits within one of the three exceptions." *Health Net, Inc. v. Wooley*, 534 F.3d 487, 493–94 (5th Cir. 2008). "If the Anti-Injunction Act would bar an injunction, a declaratory judgment that would have the same effect is also barred." *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 847 (5th Cir. 2009) (per curiam) (quoting *Texas Employers Ins. Ass'n v. Jackson,* 862 F.2d 491, 494 (5th Cir. 1988) (en banc)).

A declaration that garnishment actions against Scrushy and others cannot be brought outside of Texas would have the effect of enjoining the garnishment proceedings pending in the Alabama state court. *Jackson*, 862 F.2d at 505 ("A federal declaratory judgment [would], of course, be *res judicata* of the state suit, thus resolving it as surely as an injunction."). Scrushy has not alleged that Congress expressly authorized this court to enjoin the Alabama state court, and the court does not find that such an injunction would be necessary to aid its jurisdiction or to protect or effectuate its judgments. The Anti-Injunction Act would bar an injunction stopping the Alabama garnishment actions, which means that the Act bars Scrushy's requested declaratory relief. Scrushy's petition is dismissed, with prejudice, because amendment would be futile.

*Wooley*, 534 F.3d at 493 ("the Anti-Injunction Act . . . is [a] proper ground for dismiss[al] . . . under Federal Rule of Civil Procedure 12(b)(6)").[2]

### IV. Conclusion

Scrushy's remand motion, (Docket Entry No. 3), is denied.  Encompass Health's motion to dismiss, (Docket Entry No. 5), is granted.  Dismissal is entered by separate order.

SIGNED on August 18, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[2] Because the Anti-Injunction Act bars Scrushy's declaratory judgment claim, Encompass Health's alternative argument that the court should abstain from exercising its jurisdiction under *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), is moot.